UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARCUS A. STROMAN,

Plaintiff,

v.

25-CV-6494-MAV
ORDER

CHEMUNG COUNTY,
CITY OF ELMIRA,
ELMIRA POLICE DEPARTMENT, and
JOHN DOE OFFICERS,

Defendants.

*Pro se* Plaintiff Marcus A. Stroman is a prisoner currently confined at the Chemung County Jail. He filed a complaint pursuant to 42 U.S.C. § 1983, arising from his arrest in the City of Elmira, New York. ECF No. 1.

Because Plaintiff is a prisoner and proceeding *in forma pauperis*, the Court screened his complaint, ECF No. 1, pursuant to 28 U.S.C. §§ 1915(e)(B)(i)-(iii) and 1915A(a)-(b). *See generally* ECF No. 3. The Court permitted Plaintiff's Fourth Amendment excessive force claim against John Doe Officers of the Elmira Police Department, in their individual capacities, to proceed to service. *Id.* at 7. The Court also dismissed, but gave leave to amend, Plaintiff's denial of medical care and municipal liability claims. *Id.* at 5-6, 8-9. Lastly, the Court dismissed, without leave to amend, Plaintiff's claims against the Elmira Police Department. *Id.* at 5.

Plaintiff has since filed an amended complaint, albeit unsigned. ECF No. 4. For the reasons that follow, Plaintiff must submit a signed version of his amended

complaint, ECF No. 4, by **December 4, 2026**, and if he does, the Court will screen Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915(e)(B)(i)-(iii) and 1915A(a)-(b) in due course.

If Plaintiff fails to timely submit a signed version of the amended complaint, the amended complaint will be treated as a nullity, and only the remaining claim of the complaint—the Fourth Amendment excessive force claim against John Doe Officers of the Elmira Police Department in their individual capacities—will proceed to service.

## DISCUSSION

### I. Legal Standards

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). Permission to amend, however, "is not required where the plaintiff has already been afforded the opportunity to amend."

*Bivona v. McLean*, No. 9-19-CV-0303 (MAD) (TWD), 2019 WL 2250553, at *5 (N.D.N.Y. May 24, 2019) (citing cases); *Cancel v. New York City Hum. Res. Admin./Dep't of Soc. Servs.*, 527 F. App'x 42, 44 (2d Cir. 2013) ("[T]he district court had already permitted [the plaintiff] to amend his complaint once, and nothing in his amended complaint suggested that he would be able to state a valid ... claim if he were granted leave to amend a second time. Therefore, granting [the Plaintiff] leave to amend his amended complaint as to these claims would have been futile."); *Cato v. Zweller*, No. 6:21-CV-6207 EAW, 2023 WL 8653857, at *2 (W.D.N.Y. Dec. 14, 2023) (dismissing the amended complaint with prejudice because it "does not remedy any of the pleading deficiencies identified in the Screening Order").

## II. A Signed Amended Complaint is Necessary

Plaintiff's amended complaint contains a typed signature. ECF No. 4 at 3. Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). *See Brown v. Embassy of Antigua & Barbuda*, No. 25-CV-2436 (LTS), 2025 WL 963306, at *1 (S.D.N.Y. Mar. 28, 2025) (directing the plaintiff to submit a signed signature page to the complaint); *Bundscho v. Green*, No. 24-CV-6160-EAW, 2024 WL 4680367, at *1 (W.D.N.Y. Nov. 5, 2024) (directing plaintiff to submit signed copy of complaint or face dismissal); *Solek v. Wallace*, No. 3:20-CV-01600 (VAB), 2021 WL 2186431, at *6 (D. Conn. May 28, 2021) ("[T]he [c]omplaint is subject to dismissal for failure to comply with Rule 11(a)."); *Daniels v.*

*Doe #3*, No. 9:20-CV-0888 (BKS/TWD), 2021 WL 230105, at *2 (N.D.N.Y. Jan. 22, 2021) ("This matter cannot proceed without a properly signed complaint . . . .").

The Supreme Court has interpreted "the requirement of a signature [under Rule 11(a)] to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Federal Rule of Civil Procedure 5(d)(3)(C) permits "[a] filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block [to] "constitute[ ] the person's signature." Fed. R. Civ. P. 5(d)(3)(C); *see* W.D.N.Y. Administrative Procedures Guide for Electronic Filing § 2(G). But Plaintiff does not have an electronic-filing account.

The need to obtain a signed version of the amended complaint and confirm that the allegations are in fact being asserted by Plaintiff is compounded by the fact that the amended complaint was mailed by a third-party. ECF No. 4 at 4-5 (containing a note from Plaintiff's mother, Marie Stroman, and providing her return address). Before the amended complaint can be screened, Plaintiff must submit a signed version of the amended complaint. If Plaintiff fails to do so, the amended complaint will be treated as a nullity, and only the remaining claim of the complaint—the Fourth Amendment excessive force claim against John Doe Officers of the Elmira Police Department in their individual capacities—will proceed to service.

## CONCLUSION

For the reasons set forth above, Plaintiff shall submit a signed version of the amended complaint, ECF No. 4, by **December 4, 2026**; but if he does not, the amended complaint will be treated as a nullity, and only the remaining claim of the complaint—the Fourth Amendment excessive force claim against John Doe Officers of the Elmira Police Department in their individual capacities—will proceed to service. If a signed version of the amended complaint is filed,[1] the Court will screen Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915(e)(B)(i)-(iii) and 1915A(a)-(b) in due course.

## ORDER

IT HEREBY IS ORDERED that Plaintiff shall submit a signed version of the amended complaint, ECF No. 4, by **December 4, 2026**; and it is further

ORDERED that if Plaintiff timely submits a signed version of the amended complaint, ECF No. 4, the Court will screen it pursuant to 28 U.S.C. §§ 1915(e)(B)(i)-(iii) and 1915A(a)-(b) in due course; and it is further

ORDERED that the Clerk of Court shall mail Plaintiff a copy of the amended complaint, ECF No. 4, for him to sign and return; and it is further

ORDERED that if Plaintiff does not file a signed amended complaint by the deadline set forth above, the Court will treat the amended complaint as a nullity, and the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, the complaint, the April 16, 2026 order (ECF No. 3), and this order

---

[1] To be clear, permission is being granted solely to file a signed version of the existing amended complaint, ECF No. 4. Any attempt to file a second amended complaint will be rejected.

upon the John Doe Officers of the Elmira Police Department defendants, once identified, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that in its initial screening Order the Court requested, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), that the City of Elmira Corporation Counsel ascertain the full name of the John Doe Officers of the Elmira Police Department that Plaintiff seeks to sue in the complaint and provide addresses where these individuals could be served. ECF No. 3 at 11-12. Corporation Counsel was directed to submit this information within 30 days of entry of the Order. *Id.* Corporation Counsel has not responded to the Order or requested additional time to respond.

Accordingly, within 30 days of the date of this Order, the City of Elmira Corporation Counsel shall provide the Court with the full names and addresses for the John Doe Officers or submit a response explaining why such identification is not possible. The response shall be submitted by mail to the Pro Se Litigation Unit, United States District Court, 2 Niagara Square, Buffalo, NY 14202; and it is further

ORDERED that the Clerk of Court shall forward a copy of this order by email to John J. Ryan, Jr., City of Elmira Corporation Counsel, at jryan@cityofelmira.net; and it is further

ORDERED that if Plaintiff fails to timely file a signed version of the amended complaint, ECF No. 4, the Clerk of Court shall terminate all defendants named in the complaint except John Doe Officers of the Elmira Police Department; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: November 3, 2026
Rochester, New York

Meredith Vacca
HON. MEREDITH A. VACCA
United States District Judge